FRANK ADAMSKI

*v.*

JOHN WIECZOREK.

*Announced orally at Springfield October 7, 1897.*

PRACTICE—*when Supreme Court will deny motion to dismiss writ of error.* A writ of error to review a judgment of the Appellate Court dismissing a writ of error for the reason that the judgment from which it was prosecuted was not final, brings up for review the correctness of the Appellate Court's judgment, and a motion in the Supreme Court to dismiss the writ for the reason that the trial court's judgment was not final must be denied.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on writ of error to the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding.

EDWARD J. WALSH, and ELMER E. PARKS, for plaintiff in error.

A. G. ANDERSON, and F. W. PROUDFOOT, for defendant in error.

Mr. JUSTICE CRAIG announced the opinion of the court:

A motion has been made in this case to dismiss the writ upon the grounds, as suggested, that the judgment from which the writ of error is prosecuted is not a final judgment. Upon looking into the record it appears that the defendant in error obtained a decree in a proceeding in chancery in the Superior Court of Cook county. For the purpose of reversing that decree the plaintiff in error removed the case to the Appellate Court on a writ of error. The defendant in error made a motion in the Appellate Court to dismiss the writ for the reason that the judgment of the lower court was not a final judgment. The Appellate Court considered that motion, and finally entered judgment dismissing the writ of error for the rea-

son assigned,—that the judgment of the Superior Court was not a final judgment. For the purpose of reviewing that judgment of the Appellate Court this writ of error is sued out of this court, and the defendant in error moves to dismiss this further writ of error for the reason that the judgment was not a final judgment.

We do not think this motion can be sustained. The judgment sought to be reviewed here is not the judgment of the Superior Court, where the chancery case was disposed of on its merits, but the judgment of the Appellate Court, and the question presented by this writ of error is whether the Appellate Court was correct or incorrect in dismissing the writ in that court. In a case where a question of that character is involved the respective parties have the right to be heard on briefs and argument in this court, in the same way that they are heard in other cases. The case stands for hearing in the same manner as any other case, and it cannot be disposed of on motion, as is attempted here.

The motion to dismiss the writ will be denied.

*Motion denied.*